IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CHAPTER 7 CASE |
| | ) | |
| DANIEL T. ROSENBERG | ) | CASE NO. 05-52315 |
| | ) | |
| Debtor(s) | ) | Hon. JOHN SQUIRES |
| | ) | BANKRUPTCY JUDGE |
| | ) | |

## TRUSTEE'S FINAL REPORT

To:    THE HONORABLE JOHN SQUIRES
BANKRUPTCY JUDGE

NOW COMES Brenda Porter Helms. Trustee herein. and respectfully submits to the Court and to the United States Trustee her Final Report in accordance with 11 U.S.C. Section 704(9).

1.    The Petition commencing this case was filed on 13th day of October. 2005. Brenda Porter Helms was appointed Trustee on the same date. The Trustee's bond in this case is included as part of the Trustee's blanket bond coverage.

2.    The Trustee certifies that she has concluded the administration of this estate and has performed the duties enumerated in Section 704 of the Bankruptcy Code. The nonexempt assets of the estate have either been converted to cash, disposed of under orders of this Court. or are sought to be abandoned by the Trustee: there is no other property belonging to the estate; there are no matters pending or undetermined: claims have been reviewed: and all claim objections have been resolved to the best of the Trustee's knowledge. The Trustee has not found it advisable to oppose the Debtor(s) discharge. The Trustee certifies that this estate is ready to be closed. The tasks performed by the Trustee to administer this estate are set forth on Exhibit A.

3.    The disposition of estate property is set forth in Exhibit B.   The property abandoned, or sought to be abandoned, along with the reasons for abandonment, is described in Exhibit B.

4.    A summary of the Trustee's final account as of November 24, 2008 is as follows:

a.    RECEIPTS (See Exhibit C)                          $ 121,340.68

| | | | |
|---|---|---|---|
| b. | DISBURSEMENTS (See Exhibit C) | | $ 264.24 |
| c. | NET CASH available for distribution | | $ 121,076.44 |
| d. | ADMINISTRATIVE EXPENSES: | | |
| | 1. | Trustee compensation requested (See Exhibit E) | $9,317.03 |
| | 2. | Trustee Expenses (See Exhibit E) | $246.40 |
| | 3. | Compensation requested by attorney or other professionals for trustee (See Exhibit F) | $2,415.00 |

5.  The Bar Date for filing unsecured claims expired on September 25, 2006.

6.  All claims filed in this case with the Clerk of the Bankruptcy Court have been reviewed by the Trustee (See Exhibit D). The actual dollar amount of claims allowed and/or requested for this estate is as follows:

| | | |
|---|---|---|
| a. | Allowed unpaid secured claims | $510,000.00 |
| b. | Chapter 7 administrative claims and 28 U.S.C. §1930 claims | $11,978.43 |
| c. | Allowed Chapter 11 administrative claims | $0.00 |
| d. | Allowed priority claims | $91,889.00 |
| e. | Allowed unsecured claims | $185,000.00 |
| f. | Other:  Penalties | $14,002.00 |

7.  Trustee proposes that unsecured creditors receive a distribution of 9.3% of allowed claims.

8.  Total compensation previously awarded to Trustee's counsel, accountant or other professional was $0.00. Trustee's attorneys', accountants', or other professionals' compensation requested but not yet allowed is $2,415.00. The total of Chapter 7 professional fees and expenses requested for final allowance is $2,415.00. (See Exhibit G).

9.  A fee of $5,000.00 was paid to Debtor's attorney for services rendered in connection with this case, and no basis appears to request an examination of said fee pursuant to 11 U.S.C. §329.

WHEREFORE, the Trustee certifies under penalty of perjury that the above statements are true and correct and requests the Court to provide for notice and a hearing under 11 U.S.C. §§330(a), 502(b) and 503(b). The Trustee further requests that the Court award final compensation and reimbursement of expenses and make final allowance of the administrative claims and expenses stated in this Report, and for such other relief as the Court shall deem proper.

RESPECTFULLY SUBMITTED:

DATE: _____11/24/08_____     /s/ Brenda Porter Helms
                                             Trustee
                                             3400 W. Lawrence Avenue
                                             Chicago IL 60625

## TASKS PERFORMED BY TRUSTEE

The Trustee reviewed the schedules and Statement of Financial Affairs filed by the debtor and conducted the first meeting and the continued meeting of creditors (1.0 hour). The Trustee also met with and had numerous telecons with Todd Budgen, attorney for Harold Keller and Harold Keller (2.5 hours). The Trustee reviewed legal pleadings forwarded to her regarding complaints pending in the Florida courts (1.3 hours).

The Trustee conducted an inspection, with her appraiser and realtor, Carole Kelby, of the debtor's residence and household goods and furnishings in Bloomingdale, Illinois (2 hours). The Trustee exchanged correspondence and emails with debtor's counsel, Michael Davis, regarding the value of the household goods and furnishings and proposed a course of action based upon the issues raised by the inspection (2.5 hours). The Trustee considered objecting to debtor's discharge and instructed her counsel to extend the time for so doing (.5 hours).

The Trustee went to the Recorder's Office to obtain a tract book search of the debtor's residence in Bloomingdale, Illinois (.7 hours) and researched the history of ownership. The Trustee also corresponded with M. Kelly on behalf of Mr. Bronge regarding payment of the proceeds of the sale of the debtor's interest in a Florida condominium, an unscheduled asset, and confronted the debtor with said information ( 2 hours). The Trustee negotiated with debtor and his counsel to effect a compromise (1 hour).

The Trustee also conducted an investigation into the sale of the business assets, including the foreclosure by the bank, and the purchase of the business assets and the tax credits (1.2 hours).

The Trustee opened an interest bearing bank account and prepared a W-9 form and deposited all estate funds into said account (.9 hours). The Trustee reviewed all claims on file and input said claims into the software program (1.5 hours). The Trustee had several telephone conversations with Ira Bodenstein and Todd Budgen, counsel for Evergreen Oak Electric and Harold Keller, respectively, in an effort to resolve the claim objections without filing formal objections (.4 hours).

The Trustee prepared the Final Report in this case (5 hours). It is anticipated the Trustee will need to take the following actions:

Respond to any questions raised by the Office of U.S. Trustee (.4 hours)

Appear in Court on the application for compensation of The Helms Law Firm, P.C. (.4 hours)

Revise the Distribution Report with additional interest for transmittal to the Office of U.S. Trustee (.6 hours).

File the Final Distribution Report electronically with the Court. (.4 hours).

### EXHIBIT A

Issue checks to creditors and claimants (.9 hours)

Monitor the bank account statements for -0- balance (.5 hours)

Prepare the Final Account (.8 hours) and file electronically with Court


Total hours 26.5 @$350 =  $9.275

## DISPOSITION OF ESTATE PROPERTY

| Scheduled Property & Disposition | Amount Abandoned |
|---|---|
| See attached Individual Estate Property Record | |
| | |
| Property abandoned or to be abandoned: | |
| Harris Bank account claimed exempt | $500.00 |
| Wearing apparel claimed exempt in amount of | $300.00 |
| IRA claimed exempt in amount of | $183,000.00 |
| Interest in Kelrose Inc. with value of | $0.00 |
| 2000 Pontiac Grand Prix claimed exempt with value of | $900.00 |
| | |
| TOTAL AMOUNT ABANDONED: | $184,700.00 |

Unscheduled Property

Post petition interest of $1,340.68
Real property in Illinois valued at $1,100,000
Proceeds of sale of Florida condo - $35,000

| | |
|---|---|
| TOTAL RECEIPTS | $121,340.68 |
| TOTAL SCHEDULED VALUE OF PROPERTY ABANDONED | $184,700.00 |
| TOTAL SCHEDULED VALUE OF EXEMPT PROPERTY | $185,700.00 |

**EXHIBIT B**

FORM 1
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

| Case No | 05-52315 | SQU | Judge: JOHN SQUIRES | | Trustee Name: | BRENDA PORTER HELMS, TRUSTEE |
| Case Name: | ROSENBERG, DANIEL T | | | | Date Filed (f) or Converted (c): | 10/13/05 (f) |
| | | | | | 341(a) Meeting Date: | 01/03/06 |
| For Period Ending: 11/24/08 | | | | | Claims Bar Date: | 09/25/06 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) DA=554(c) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1 REAL PROPERTY IN FLA AND IL (u) | Unknown | 0.00 | | 120,000.00 | FA |
| 2 BANK ACCOUNTS | 500.00 | 0.00 | DA | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 3 HOUSEHOLD GOODS AND FURNISHINGS | 1,000.00 | 0.00 | | 0.00 | FA |
| included in funds received for #1, above | | | | | |
| Debtor Claimed Exemption | | | | | |
| 4 WEARING APPAREL AND JEWELRY | 300.00 | 0.00 | DA | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 5 PENSION PLANS AND PROFIT SHARING | 183,000.00 | 0.00 | DA | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 6 STOCK AND BUSINESS INTERESTS | 0.00 | 0.00 | DA | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 7 2000 Pontiac Grand Prix | 900.00 | 0.00 | DA | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 8 Post-Petition Interest Deposits (u) | Unknown | N/A | | 1,340.68 | Unknown |

Value of Remaining Assets
$0.00

| TOTALS (Excluding Unknown Values) | $185,700.00 | $0.00 | | $121,340.68 | |

(Total Dollar Amount
in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Initial Projected Date of Final Report (TFR): 12/30/07        Current Projected Date of Final Report (TFR): 04/01/08

s      BRENDA PORTER HELMS, TRUSTEE
_____ Date: 11/24/08
        BRENDA PORTER HELMS, TRUSTEE

FFORM

## ESTATE CASH RECEIPTS AND DISBURSEMENTS

See attached

EXHIBIT C

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

| Case No. | 05-52315 -SQU | | Trustee Name: | BRENDA PORTER HELMS, TRUSTEE |
| Case Name: | ROSENBERG, DANIEL T | | Bank Name: | BANK OF AMERICA, N.A |
| | | | Account Number / CD #: | *******5622 Money Market - Interest Bearing |
| Taxpayer ID No: | *******4005 | | | |
| For Period Ending: | 11/24/08 | | Blanket Bond (per case limit): $ 5,000,000.00 | |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account Balance |
| | | | BALANCE FORWARD | | | | |
| 12/23/06 | 1 | Susan Rosenberg | settlement w/debtor | 1210-000 | 170,000.00 | | |
| 12/29/06 | 8 | BANK OF AMERICA, N.A. | Interest Rate 1.000 | 1270-000 | 45.82 | | |
| 01/31/07 | 8 | BANK OF AMERICA, N.A. | Interest Rate 1.000 | 1270-000 | 101.96 | | |
| 02/27/07 | 000101 | International Sureties, Ltd | bond premium | 2300-000 | | 129.27 | |
| 02/28/07 | 8 | BANK OF AMERICA, N.A. | Interest Rate 1.000 | 1270-000 | 92.17 | | |
| 03/31/07 | 8 | BANK OF AMERICA, N.A. | Interest Rate 1.000 | 1270-000 | 102.03 | | |
| 04/30/07 | 8 | BANK OF AMERICA, N.A. | Interest Rate 1.000 | 1270-000 | 98.81 | | |
| 05/31/07 | 8 | BANK OF AMERICA, N.A. | Interest Rate 1.000 | 1270-000 | 102.18 | | |
| 06/29/07 | 8 | BANK OF AMERICA, N.A. | Interest Rate 1.000 | 1270-000 | 98.96 | | |
| 07/31/07 | 8 | BANK OF AMERICA, N.A. | Interest Rate 1.000 | 1270-000 | 102.36 | | |
| 08/31/07 | 8 | BANK OF AMERICA, N.A. | Interest Rate 1.000 | 1270-000 | 102.44 | | |
| 09/28/07 | 8 | BANK OF AMERICA, N.A. | Interest Rate 0.750 | 1270-000 | 76.89 | | |
| 10/31/07 | 8 | BANK OF AMERICA, N.A. | Interest Rate 0.750 | 1270-000 | 76.95 | | |
| 11/30/07 | 8 | BANK OF AMERICA, N.A. | Interest Rate 0.650 | 1270-000 | 64.55 | | |
| 12/31/07 | 8 | BANK OF AMERICA, N.A. | Interest Rate 0.500 | 1270-000 | 57.82 | | |
| 01/31/08 | 8 | BANK OF AMERICA, N.A. | Interest Rate 0.400 | 1270-000 | 47.94 | | |
| 02/12/08 | 000102 | International Sureties Ltd | trustee bond | 2300-000 | | 134.97 | |
| | | 701 Polydras St | | | | | |
| | | New Orleans LA 70139 | | | | | |
| 02/29/08 | 8 | BANK OF AMERICA, N.A. | Interest Rate 0.300 | 1270-000 | 28.76 | | |
| 03/31/08 | 8 | BANK OF AMERICA, N.A. | Interest Rate 0.250 | 1270-000 | 25.58 | | |
| 04/30/08 | 8 | BANK OF AMERICA, N.A. | Interest Rate 0.250 | 1270-000 | 24.79 | | |
| 05/30/08 | 8 | BANK OF AMERICA, N.A. | Interest Rate 0.150 | 1270-000 | 15.37 | | |
| 06/30/08 | 8 | BANK OF AMERICA, N.A. | Interest Rate 0.150 | 1270-000 | 14.88 | | |
| 07/31/08 | 8 | BANK OF AMERICA, N.A. | Interest Rate 0.150 | 1270-000 | 15.35 | | |
| 08/29/08 | 8 | BANK OF AMERICA, N.A. | Interest Rate 0.150 | 1270-000 | 15.38 | | |
| 09/30/08 | 8 | BANK OF AMERICA, N.A. | Interest Rate 0.150 | 1270-000 | 14.89 | | |
| 10/31/08 | 8 | BANK OF AMERICA, N.A. | Interest Rate 0.100 | 1270-000 | 11.74 | | |

Total Of All Accounts   121,076.44

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

IN RE:                                          CHAPTER 7

DANIEL T. ROSENBERG,                            CASE NO. 05-52315

              Debtor(s).            HON. JOHN SQUIRES

## PROPOSED DISTRIBUTION REPORT

     I, BRENDA PORTER HELMS, trustee herein, certify that I have reviewed all claims filed with the Clerk of the Bankruptcy Court and have examined all orders of Court, and state that based on my review I propose to make the following distribution.

### SUMMARY OF DISTRIBUTION:

| | |
|---|---:|
| Chapter 7 Administrative Expenses: | $11,978.43 |
| Chapter 11 Administrative Expenses: | $0.00 |
| Priority Claims (507(a)(3)-(a)(6)): | $6,000.00 |
| Secured Claims | $0.00 |
| Secured Tax Liens: | $0.00 |
| Priority Tax Claims: | $85,889.00 |
| General Unsecured Claims: | $17,209.01 |
| Interest (726(a)(5)): | $0.00 |
| Surplus to Debtor (726(a)(6)): | $0.00 |
| **TOTAL AMOUNT TO BE DISTRIBUTED:** | $121,076.44 |

**EXHIBIT D**

REPORT OF DISTRIBUTION - CONT'D

| 1. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §506 - Secured Claims | $ 510.000.00 | 0.00 |

| CLAIM NO. | CREDITOR | AMOUNT OF ALLOWED CLAIM | FINAL DIVIDEND |
|---|---|---|---|
| 2 | Keller, Harold<br>Personal Property & Intangibles-<br>Consensual Liens | $500.000.00 | $0.00 |
| 4 | Keller, Harold<br>Personal Property & Intangibles-<br>Consensual Liens | $10,000.00 | $0.00 |

| 2. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §726(a) & (b) and §507(a)(1)<br>(Chapter 7 costs of<br>administration including<br>Court costs and U.S. Trustee<br>quarterly fees pursuant to<br>28 U.S.C. §1930(6) | $11,978.43 | 100.00 |

| CLAIM NO. | CREDITOR | AMOUNT OF ALLOWED CLAIM | FINAL DIVIDEND |
|---|---|---|---|
| | Brenda Porter Helms. Trustee<br>Trustee Compensation | $9,317.03 | $9,317.03 |
| | Brenda Porter Helms. Trustee<br>Trustee Expenses | $246.40 | $246.40 |
| | The Helms Law Firm, P.C.<br>Attorney for Trustee Fees | $2,415.00 | $2,415.00 |

| 3. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §726(a) & (b) and §507(a)(1) Debtor-in Possession (DIP) administrative expenses | $ 0.00 | 0.00 |

| 4. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(a)(2) - Gap claims arising in involuntary cases and allowed pursuant to §502(f) | $ 0.00 | 0.00 |

| 5. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(a)(3) - Wages, salaries or commissions, limited to $10,000.00 | $ 6,000.00 | 100.00 |

| CLAIM NO. | CREDITOR | AMOUNT OF ALLOWED CLAIM | FINAL DIVIDEND |
|---|---|---|---|
| 3 | Keller, Harold Wages-- 507 | $6,000.00 | $6,000.00 |
| | Net for claim 3 | | $6,000.00 |

| 6. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(a)(4) - Contributions to Employee Funds | $ 0.00 | 0.00 |

| 7. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(a)(5) - Farmers' and Fisherman's claims to the extent of $4,925 | $ 0.00 | 0.00 |

| 8. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(a)(6) - Deposits by consumers to the extent of $2,225 | $ 0.00 | 0.00 |

| 9. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(a)(7) Alimony, Maintenance and Support | $ 0.00 | 0.00 |

| 10. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(b) Tax Liens | $ 0.00 | 0.00 |

| 11. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(a)(8) Tax Claims excluding fines and penalties | $ 85,889.00 | 100.00 |

| CLAIM NO. | CREDITOR | AMOUNT OF ALLOWED CLAIM | FINAL DIVIDEND |
|---|---|---|---|
| 1 | Illinois Dept Of Revenue Claims of Governmental Units-- 507 | $85,889.00 | $85,889.00 |

| 12. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(a)(9) - Capital Commitments to FDIC, et al. | $ 0.00 | 0.00 |

| 13. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §726(a)(2) - General Claims (To be paid pro rata after costs of administration and priority claims are paid in full | $ 185,000.00 | 9.30 |

| CLAIM NO. | CREDITOR | AMOUNT OF ALLOWED CLAIM | FINAL DIVIDEND |
|---|---|---|---|
| 5 | Electric, Evergreen Oak General Unsecured 726 | $35,000.00 | $3,255.76 |
| 3A | Keller, Harold General Unsecured 726 | $150,000.00 | $13,953.25 |

| 14. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §726(a)(3) Late unsecured claims | $ 0.00 | 0.00 |

| 15. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §726(a)(4) - Fines/ penalties | $ 14,002.00 | 0.00 |

| CLAIM NO. | CREDITOR | AMOUNT OF ALLOWED CLAIM | FINAL DIVIDEND |
|---|---|---|---|
| 1A | Illinois Department Of Revenue Fines, Penalties726 | $14,002.00 | $0.00 |

| 16. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §726(a)(5) - Interest | $ 0.00 | 0.00 |

| 17. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §726(a)(6) - Surplus to Debtor | $ 0.00 | 0.00 |

The following claims are not included in the distribution because they have been disallowed by court order or have been withdrawn by the claimant:

| TYPE OF CLAIM | CLAIM NUMBER | CREDITOR AND ADDRESS | AMOUNT OF CLAIM | DISALLOWED/ WITHDRAWN (DESIGNATE) |
|---|---|---|---|---|

WHEREFORE. the Trustee certifies under penalty of perjury that the above statements are true and correct.

DATED: _____          _____